UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RODRICK SHELDON BETZ (#116398)**                    CIVIL ACTION

**VERSUS**

**DR. WILLIAMS, ET AL.**                              NO.: 12-00277-BAJ

RULING

This matter comes before the Court on the defendants' Motion to Dismiss, rec.doc.no. 14. This motion is opposed.

The pro se plaintiff, an inmate confined at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden Burl Cain, Dr. Jonathan Roundtree, Warden Kenneth Norris and Dr. Williams, complaining that the defendants have violated his constitutional rights through deliberate indifference to his serious medical needs.[1]

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted."

---

[1] An attempt by the United States Marshal's Office to serve defendant Dr. Williams has proven unsuccessful because service of process has not been accepted on behalf of this defendant by the Louisiana Department of Public Safety and Corrections. Further, the plaintiff was placed on notice of this non-service in July, 2012, through receipt of the Marshal's Return of Service, see rec.doc.no. 10, and through receipt of the defendants' Motion to Dismiss, which motion explicitly reiterated that defendant Williams "ha[d] not been served with the complaint" and that no appearance was being made on the defendant's behalf. Notwithstanding, the plaintiff has failed to take any action to better identify defendant Williams, to obtain the defendant's last known address or to have the defendant served. Although an inmate plaintiff is entitled to rely upon service by the United States Marshal, "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should attempt to remedy any apparent service defects of which a plaintiff has knowledge." Rochon v. Dawson, 828 F.2d 1107 (5th Cir. 1987). Further, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims asserted against defendant Dr. Williams be dismissed, without prejudice, for failure of the plaintiff to timely effect service upon this defendant.

In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level". Bell Atl. Corp. v. Twombly, supra. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, supra. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n] – that the pleader is entitled to relief.'" Id. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (citations omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful conduct] devoid of further factual enhancement." Id. (internal quotation marks omitted).

In his Complaint, the plaintiff alleges that, upon his admission to LSP in 2002, he advised the prison medical department that he was allergic to "acetaminophen", which is distributed under the name "Tylenol". In addition, on an unspecified date, the plaintiff allegedly advised defendant Dr. Williams of his allergy to acetaminophen. Notwithstanding, the defendant prescribed Tylenol to the plaintiff and advised the plaintiff that no harm would come from ingesting it. Although the plaintiff objected to this medication, he nonetheless accepted it because of pain he was experiencing in his legs, ankles and feet. The plaintiff asserts that, as a result, he was forced to seek emergency medical attention on several dates in May, 2011, after experiencing difficulty breathing upon ingesting the Tylenol. Upon receiving medical attention at that time, the plaintiff was first told by medical providers at LSP that his tonsils were swollen, and he was subsequently told that he had an ear infection. In any event, the plaintiff acknowledges that he was provided with antibiotics to treat his complaints at that time. Several months later, in August, 2011, the plaintiff was again examined at the prison infirmary and was again advised that his tonsils were swollen and also that he had swollen membranes in his nose. The plaintiff asserts that the problems he has experienced with his breathing have been "an ongoing affair", and he attributes these problems to the Tylenol which Dr. Williams prescribed to him. He asserts that his history of chronic illness warrants the imposition of a limited duty status, but "Dr. Williams [has] refused to treat and correct Plaintiff's breathing disabilities". The plaintiff also asserts that Dr. Williams has "refused to do the minimal required to rehabilitate Plaintiff's disfunctional [sic] body parts, limbs and parts," thereby violating the plaintiff's rights under the Eighth Amendment, the Americans With Disabilities Act and the

Rehabilitation Act. Finally, the plaintiff alleges that on an unspecified date, he wrote to defendant Dr. Roundtree, the then-medical director at LSP, advising defendant Roundtree of the wrongdoing of Dr. Williams, but Dr. Roundtree failed to take action to address the plaintiff's complaints and, instead, merely forwarded the plaintiff's letter to defendant Warden Norris, who the plaintiff asserts is not a physician and so is not qualified to address the plaintiff's complaints.

In response to the plaintiff's allegations, the defendants first seek dismissal of the plaintiff's claim for monetary damages asserted against them in their official capacities. In this regard, the defendants correctly point out that § 1983 does not provide a federal forum for a litigant who seeks recovery of monetary damages against either a state or its officials acting in their official capacities because such officials are not seen to be "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Further, in Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. Id. In contrast, the plaintiff's claim for monetary damages asserted against the defendants in their individual capacities remains potentially viable because a claim against a state official in his individual capacity, seeking to impose liability for actions taken by the official under color of state law, is not treated as a suit against the state. Hafer v. Melo, supra. Thus, a showing by the plaintiff that a defendant state official, acting individually and under color of state law, intentionally caused

the deprivation of the plaintiff's federal rights, would be sufficient to establish personal liability under § 1983.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, the defendants next assert that the plaintiff has failed to sufficiently allege any personal participation by the moving defendants in the constitutional violations alleged. In this regard, in order for there to be liability under § 1983, a defendant must either have been personally involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Any allegation that the defendants are responsible for the actions of subordinate officers or co-employees is alone insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights has occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. Lozano v. Smith, supra.

Applying the foregoing standard in the instant case, it does not appear from the plaintiff's allegations that any of the moving defendants have had any direct or personal involvement or participation in the plaintiff's medical care. First, with regard to defendants James LeBlanc and Burl Cain, the plaintiff makes no factual allegation whatever relative to these defendants and mentions them only in the Caption of the Complaint and in the

Section thereof entitled "Parties". Further, it is clear that, as Secretary of the Louisiana Department of Public Safety and Head Warden at LSP, respectively, these defendants stand only in a supervisory role with regard to the operation of the LSP medical department and the medical care of inmates confined at that facility. Accordingly, there does not appear to be any basis for the imposition of liability against these defendants in this context. See Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987) (requiring either a causal connection or personal involvement for a supervisor to be held liable). Nor has the plaintiff adequately pleaded the existence of any affirmative wrongful policy at LSP which has resulted in a denial of medical treatment. Accordingly, the plaintiff's claim asserted against these defendants fails to rise to the level of a constitutional violation, and they are entitled to judgment as a matter of law.

With regard to the plaintiff's claims asserted against the remaining defendants, Dr. Jonathan Roundtree and Warden Kenneth Norris, the plaintiff similarly fails to sufficiently allege that either of these defendants has personally provided him with medical treatment or has otherwise been directly or personally involved in his medical care and treatment. Instead, the plaintiff alleges only that defendant Roundtree, as the then-Director of the LSP Treatment Center, was responsible for the training and supervision of medical personnel at the prison, and that defendant Norris, as Warden of the LSP Treatment Center, was responsible for "actions delegated" to other LSP employees. These are allegations of mere supervisory responsibility that do not implicate any wrongdoing on the part of these defendants which would be actionable under § 1983. Moreover, the plaintiff's suggestion of liability based upon an alleged failure to supervise or train subordinate employees is

entirely conclusory and is without any factual basis whatever. In this regard, in order to state a constitutional claim for liability based on an alleged failure to train or supervise, the plaintiff must allege (1) that the defendants failed to train or supervise subordinate officers, (2) that a causal link exists between the failure to train or supervise and the violation of the plaintiff's constitutional rights, and (3) that the failure to train or supervise amounted to deliberate indifference. Estate of Davis ex rel. McCully v. City of North Richland Hills, 406 F.3d 375 (5th Cir. 2005). The plaintiff has wholly failed to make such allegations, and his mere conclusory assertion regarding an alleged failure to train and/or supervise is insufficient to support a claim of liability under § 1983. See Yates v. Unidentified Parties, 73 Fed.Appx. 19 (5th Cir. 2003), cert. denied, 540 U.S. 1123, 124 S.Ct. 1081, 157 L.Ed.2d 920 (2004) (holding that the plaintiff's "vague and conclusional allegation" regarding an alleged failure to train and/or supervise was not sufficient to support liability). Accordingly, the plaintiff fails to state a claim of supervisory liability relative to these defendants, and they are entitled to dismissal of this claim asserted against them.

Finally, in a section of the Complaint entitled "Negligence", the plaintiff complains that defendants Roundtree and Norris failed to investigate and/or respond appropriately to correspondence which the plaintiff addressed to the defendants regarding the perceived wrongdoing of Dr. Williams. This claim, as well, is not one of constitutional dimension. In order for an inmate-plaintiff to prevail on a claim that his constitutional rights have been violated by the provision of improper or inadequate medical care, he must allege and show that the defendants have denied him appropriate care and that the denial has constituted "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97

S.Ct. 285, 50 L.Ed.2d 251 (1976); Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation which he believes he should have is not the issue. Estelle v. Gamble, supra; Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981). Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Johnson v. Treen, supra. Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. Farmer v. Brennan, supra. As stated in Farmer, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. The deliberate indifference standard sets a very high bar: the plaintiff must establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752 (5th Cir. 2001).

In light of this standard, the Court concludes that the plaintiff has failed to state a claim of constitutional dimension against the named defendants. Initially, as noted above, any claim of negligence is not actionable under § 1983. Varnado v. Lynaugh, supra; Johnson v. Treen, supra. Further, the law is clear that there is no constitutional violation in any alleged failure to investigate and/or respond to an inmate's complaints regarding the actions of prison officials. See Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). Accordingly, it does not appear that the plaintiff has stated a claim for relief against

defendants Roundtree and Norris in this regard. These defendants are therefore entitled to a dismissal of the plaintiff's claims asserted against him.[2]

Finally, the plaintiff also seeks to invoke the supplemental jurisdiction of this Court over his state law negligence claims. A district court, however, is authorized to decline the exercise of supplemental jurisdiction over any potential state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, based upon the record before it and because the Court concludes that the plaintiff's federal claims should be dismissed, it is appropriate for the Court to decline to exercise supplemental jurisdiction over the plaintiff's state law negligence claims.[3]

---

[2] In motions before the Court, the plaintiff has complained of the failure of the defendants to provide him with a complete copy of his medical records, dating back to his arrival at LSP in 2002. The plaintiff apparently believes that his early records will confirm his assertion that he advised prison officials at that time of his alleged allergic reaction to acetaminophen. Notwithstanding, the Court concludes that access to the requested medical records would be of no avail to the plaintiff in this case. At most, these records would be relevant to establish the potential liability of Dr. Williams, who allegedly provided deficient medical treatment to the plaintiff in May and June, 2010, but who, as noted above, is not before the Court. See note 1, supra. Further, even if the plaintiff were able to show that he advised prison officials prior to May, 2011, of his alleged allergy to acetaminophen, this would do little more that establish the possible negligence of Dr. Williams in prescribing an improper medication. The Court also notes that the medical records which have been provided by the defendants are contradictory, with some of these records indicating a possible allergy to "Tylenol" but with many indicating that the plaintiff has no known drug allergies ("nkda"). The contradictory nature of these records points even more strongly to the likelihood that, if anything, Dr. Williams was merely negligent in prescribing the referenced medication.

[3] Although the plaintiff asserts in his Complaint that the actions of the defendants have been in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("RA"), his allegations in this regard are conclusory in the extreme. Further, both the ADA and the RA prohibit discrimination against or the exclusion of qualified individuals with disabilities from services, programs or activities, with the ADA applying to public entities and with the RA applying to federally-funded programs and institutions. The ADA and the RA are judged under the same legal standards, and the same remedies are available under both Acts. Demp v. Holder, 610 F.3d 231 (5th Cir. 2010). To establish a claim under these statutes, the plaintiff must show that he is a qualified individual under

Based on the foregoing reasoning and authority,

**IT IS ORDERED** that the plaintiff's claims asserted against defendant Dr. Williams be dismissed for failure of the plaintiff to serve this defendant within 120 days as mandated by Fed.R.Civ.P. 4(m).

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over the plaintiff's state law claims.

**IT IS FURTHER ORDERED** that the defendants' Motion to Dismiss, rec.doc.no. 14, be and it is hereby **GRANTED**, dismissing the plaintiff's claims asserted against defendants James M. LeBlanc, Burl Cain, Jonathan Roundtree and Kenneth Norris, without prejudice to any state law claims which the plaintiff may have.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 15th day of January, 2013.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

the Act, that he has been excluded from participation in or been denied the benefit of services, programs, or activities for which the defendants are responsible (or that he has otherwise been discriminated against by the defendants), and that the exclusion, denial of benefits, or discrimination is by reason of the disability. See Lightbourn v. County of El Paso, Texas, 118 F.3d 421 (5th Cir. 1979). The plaintiff, however, does not begin to make the required showing, alleging only that he has "a long history of severe [unspecified] chronic illnesses" and that defendant Dr. Williams has merely "refused to treat and correct Plaintiff's breathing difficulties", "refused to do the minimal required to rehabilitate Plaintiff's disfunctional [sic] body parts, limbs, and parts," and failed to provide "restrictions on [the plaintiff's] duty status." Not every impairment, however, even if severe, is a disability within the meaning of the ADA, and the plaintiff has made no attempt to demonstrate that his alleged medical condition "substantially limits one or more major life activities," which is a requirement under the ADA. See 42 U.S.C. § 12102(2). Nor does the plaintiff assert that he has been discriminated against or excluded from participation in any specific services, programs or activities by reason of his disability. Further, as a general rule, a mere claim of an alleged failure to provide adequate or appropriate medical treatment for a disability is insufficient to provide a basis for liability under the ADA and, by extension, the RA. See Caldwell v. Quarterman, 2007 WL 4335465 (N.D. Tex., Dec. 12, 2007). Accordingly, it is clear that the plaintiff fails to state a cause of action under either the ADA or the RA.